IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JEANETTA R. LAMB,                                    Case No. 6:15-cv-00391-PA

              Plaintiff,                      OPINION AND ORDER

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security
Administration,

              Defendant.

KATHRYN TASSINARI
DREW JOHNSON
DREW L. JOHNSON, P.C.
1700 Valley River Dr.
Eugene, Oregon 97401
      Of Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204-1011

JOHN C. LAMONT
Special Assistant United States Attorney
Office of the General Counsel
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075

1 – OPINION AND ORDER

Of Attorneys for Defendant

PANNER, District Judge:

Jeanetta R. Lamb ("Plaintiff") seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

### *Administrative History*

On July 1, 2011, Plaintiff applied for DIB. Tr. 14. Plaintiff alleged disability since July 1, 2011. *Id.* Plaintiff's application was denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on January 25, 2012 before ALJ Marilyn Mauer. *Id.* Plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 32-60. On December 23, 2013, ALJ Mauer issued a decision finding Plaintiff not disabled. Tr. 25. Plaintiff requested review from the Appeals Council on February 12, 2014. Tr. 1. The Appeals Council declined Plaintiff's request for review on January 13, 2015, and this action followed. *Id.*

### *Background*

Born in 1957, Plaintiff was 56 years old on the alleged disability onset date. Tr. 33. Plaintiff alleges disability due to pain, limitation fractures on her left femur, left forearm, and right tibia, chronic venous stasis of the lower extremities, morbid obesity, insulin dependent diabetes mellitus, depression, and Post Traumatic Stress Disorder ("PTSD"). Plaintiff graduated from high school and has an AA degree. Tr. 34. Plaintiff has worked as an administrative clerk, facilities manager, contract administrator, and a sale clerk. Tr. 50-53, 56-57.

### *Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502 and 404.920. First, the Commissioner considers whether a claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b) and 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d) and 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f) and 404.920(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner.

At step five, the Commissioner must demonstrate that the claimant can perform other work existing in significant numbers in the national or local economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g) and 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566 and 416.966.

*The ALJ's Findings*

At step one of the sequential evaluation process outlined above, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, July 1, 2011. Tr. 16.

At step two, the ALJ determined Plaintiff has the following severe impairments: insulin dependent diabetes mellitus, type II; status post multiple limb fractures with open reduction and internal fixation of the left femur, left forearm, and right tibia; morbid obesity; and lower extremity venous stasis. *Id*. The ALJ identified other injuries and mental conditions that did not rise to the level of severe impairment. Tr. 16-17.

At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 18. Because Plaintiff did not establish disability at step three, the ALJ continued to evaluate how Plaintiff's impairments

affected her ability to work during the relevant period. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of sedentary work and:

> [t]he claimant can lift 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit at least 6 hours in an 8 hour day. The claimant can stand and walk in combination for 2 hours in an 8-hour day. The claimant requires the use of a cane for ambulating distances over 30 yards. She should not walk on uneven ground at work. The claimant can frequently balance. She can occasionally stoop and crouch. She can never crawl or kneel. She can never climb ladders, ropes or scaffolds. She can frequently grasp objects and perform fine finger manipulation bilaterally.

Tr. 19.

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as an administrative clerk, sedentary as performed, and space scheduler, sedentary per the Dictionary of Occupational Titles ("DOT"). Tr. 25.

*Discussion*

Plaintiff alleges the ALJ erred by improperly assessing: (1) Plaintiff's credibility; (2) Plaintiff's mental health impairments; (3) the medical opinion evidence; (4) Plaintiff's ability to perform past relevant work.

## I.    Plaintiff's Credibility

The ALJ must consider a claimant's symptom testimony, including statements regarding claimant's pain and workplace limitations. 20 CFR § 404.1529, 416.929. The ALJ is responsible for determining the credibility of such statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Unless there is affirmative evidence showing the claimant is malingering, the Commissioner's reasons for rejecting the claimant's subjective testimony must be clear and convincing. *Burch*, 400 F.3d at 680. The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.*; *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The evidence upon which the ALJ relies must be substantial. *See Reddick* 157

F.3d at 724. The ALJ's overall credibility decision may be upheld even if some of the ALJ's reasons for rejecting the claimant's testimony are overturned. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Plaintiff argues the ALJ failed to give clear and convincing reasons for rejecting her testimony.

The ALJ found Plaintiff not credible because she failed to follow her doctor's recommended treatment regimen. A plaintiff's failure to follow a prescribed course of treatment is a clear and convincing reason to doubt her credibility. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir. 2007). The ALJ noted that Plaintiff had poor control of her diabetes, despite having everything she needed to control it. Tr. 20. She frequently ran out of insulin and supplies, and did not test her blood sugar the recommended three times daily. Tr. 20. Plaintiff argues her poor compliance with her treatment regimen was due to financial concerns. The ALJ agreed in part, but disagreed that all of Plaintiff's noncompliance could be attributed to financial hardship. Plaintiff's physician referred her to financial and prescription assistance, which alleviated her financial hardship. Tr. 301. Accordingly, the ALJ did not err in identifying Plaintiff's noncompliance as a reason to doubt her credibility.

The ALJ also found Plaintiff not credible because she was able to work with her impairments and quit working for reasons other than her impairments. When a plaintiff quits her job for reasons not related to her impairment, an ALJ may find her not credible. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2011). Plaintiff's allegedly disabling impairments include diabetes and injuries from a motor vehicle accident. Her diabetes was diagnosed in 2001 and the accident occurred in 2004. Tr. 366. Some years later, Plaintiff was moved to an administrative position from 2009 until 2010, when the position was eliminated due to budget cuts. Tr. 243. Plaintiff then briefly returned to her former job as facilities manager before she was fired. Tr. 42-43. The ALJ rationally interpreted the record of Plaintiff's ability to work at an

6 OPINION AND ORDER

administrative position despite her allegedly disabling impairments. Because Plaintiff left her position due to budget cuts and not her allegedly disabling impairments, the ALJ did not err in doubting her credibility.

Plaintiff argues that her administrative job was eliminated because she typed too slowly and the tasks were "doled out to other people," which means she was effectively fired due to her job performance, and ostensibly her physical limitations. Tr. 43. Variable interpretations of the evidence are insignificant, however, if the Commissioner's interpretation is rational. *Burch*, 400 F.3d at 679. There is no evidence of record Plaintiff was fired because she typed too slowly; the ALJ's interpretation of the record is rational and is therefore upheld.

Next, the ALJ doubted Plaintiff's credibility because her activities of daily living were inconsistent with her stated limitations. Inconsistencies between a plaintiff's activities of daily living and reported symptoms can be used to support an adverse credibility finding. *Berry v. Astrue,* 622 F.3d 1228, 1235 (9th Cir. 2010). Plaintiff stated she can walk for a block, sit for an hour, lift five pounds, and has limited use of hands; but Plaintiff's acitvities appear to indicate greater functioning. Tr. 39-40, 177. Plaintiff's activities of daily living include caring for her mother, who suffers from Alzheimer's disease, by making her meals, bathing her, and visiting her twice a day. Tr. 277. Plaintiff also does housework, drives herself, and can shop online or in stores. Plaintiff argues that she needed to rest during some of these activities, and cannot perform them fully. However, the ALJ's interpretation of the evidence is rational, and when evidence susceptible to more than one interpretation the ALJ's conclusion must be upheld. *Burch*, 400 F.3d at 679.

The ALJ's assertion that Plaintiff's subjective complaints regarding diabetes are not consistent with medical evidence is erroneous. The ALJ does not identify any complaints stated by Plaintiff to contrast with the medical evidence cited. As such, the ALJ failed to satisfy the

7 OPINION AND ORDER

specificity requirement. Any evidence offered by the Commissioner is post hoc. However, this error was harmless because the ALJ offered numerous clear and convincing reasons to doubt Plaintiff's credibility.

## II.    Plaintiff's Mental Impairments

The ALJ determined Plaintiff's mental impairments did not rise to the level of "severe" as required in step two of the five step analysis. Tr. 21. Generally, a plaintiff must prove that the alleged mental impairments significantly limit his ability to do basic work activities. 20 C.F.R. § 404.1520(c) (2007); *see also Burch* 400 F.3d at 682–83. Because Plaintiff alleged a mental impairment, the ALJ used the "special psychiatric review technique." 20 C.F.R. § 404.1520a. For a mental impairment to be deemed severe under the special psychiatric review technique, it must be analyzed using the four functional areas known as the "paragraph B" criteria. 20 C.F.R. part 404, Subpart P, Appendix 1, 12.00(C). These four functional areas are: (a) activities of daily living (b) social functioning (c) concentration, persistence, pace and (d) periods of decompensation. *Id.* The first three are rated on a five point scale: none, mild, moderate, marked, and extreme. *Id.*

The ALJ assessed Plaintiff with "mild" difficulties in social functioning because she visited her mother and interacted with siblings and close friends daily. Tr. 17. Additionally, she attended church, met friends for lunch or dinner frequently, and had a social network on the computer. Tr. 17.

Plaintiff argues the ALJ erred by finding only "mild" limitations in social functioning. The ALJ gave great weight to the opinion of Dr. Smolen, the examining physician, who found Plaintiff "moderately depressed." Tr. 279. Dr. Smolen stated the question of Plaintiff's social functioning was thorny, and opined that if Plaintiff were not to have any physical problems she would be able to get along well with people. Tr. 279. The ALJ interpreted the doctor's opinion to

8 OPINION AND ORDER

mean "mild" limitations in social functioning because Plaintiff does have physical problems. While Plaintiff disagrees, when evidence can rationally be interpreted in more than one way, the court must uphold the ALJ's decision. *Aukland v. Massanari*, 257 F.3d 1033, 1034-35 (9th Cir. 2000).

Plaintiff argues the state agency reviewing doctors Boyd, Anderson, and Johnson all assessed her with "moderate" difficulties in social functioning. She further argues that because the ALJ assigned those opinions great weight, by assigning Plaintiff "mild" limitations in social functioning the ALJ's opinion is internally inconsistent. The Plaintiff's argument, while compelling, fails because the ALJ addressed this inconsistency in the opinion. The ALJ stated "I give the State assessments great weight... However, given Dr. Smolen's mild findings, I have not found a severe mental impairment." Tr. 24. The ALJ gave great weight to other sections of the state reviewing physicians' opinions, but did not give great weight to the section regarding social functioning.

Plaintiff argues she has more than mild difficulty with social functioning. She points to evidence of being fired for having "outbursts." Tr. 177. However, the only evidence of these "outbursts" comes from Plaintiff herself. Of the three letters written on her behalf by former colleagues and supervisors, none mention any sort of outbursts or issues with social functioning. Tr. 218-21. Similarly, Plaintiff contends when she gets mad she throws things, screams, and yells, but this is not documented in the record other than her own statements.

While the ALJ erred by stating Plaintiff was not taking antidepressant medication, Plaintiff failed to develop her argument beyond pointing out the factual inaccuracy. Tr. 17. The court will not address insufficiently developed arguments. Similarly, the Commissioner's argument that Plaintiff did not engage in any significant mental health treatment is inaccurate. Plaintiff utilized antidepressant medication to help control her moderate depression.

9 OPINION AND ORDER

## III.    Medical Opinion Evidence

The ALJ is responsible for resolving ambiguities and conflicts in the medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ must provide clear and convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining physician, or specific and legitimate reasons for rejecting contradicted opinions, so long as they are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Additionally, the ALJ may discount physicians' opinions based on internal inconsistencies, inconsistencies between their opinions and other evidence in the record, or other factors the ALJ deems material to resolving ambiguities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

Dr. Marshall performed an evaluation of Plaintiff in 2013. Dr. Marshall found that Plaintiff was unable to grasp and hold objects securely by the palm and with the last three digits on her left hand. Tr. 369. Dr. Marshall also found that Plaintiff could not travel without a companion, climb, walk without an assistive device, or walk a block. Tr. 377. Finally, Dr. Marshall limited Plaintiff to lifting up to 10 pounds, and while she limited Plaintiff to walking or standing for an hour each day, Plaintiff could sit without limitation. Tr. 372-73.

The ALJ afforded little weight to Dr. Marshall's opinion because Plaintiff's presentation at the consultation was extremely inconsistent with her usual presentation. Tr. 23. Plaintiff argues she had been hospitalized by cellulitis 10 days before the appointment and was still suffering the after-effects. Plaintiff used a walker at the appointment due to her acute cellulitis, which was not consistent with her normal walking needs; Plaintiff typically used a cane or no walking aid. Tr. 368. Dr. Marshall was not able to fully examine Plaintiff's coordination, station,

10 OPINION AND ORDER

and gait because she needed to use her walker. Tr. 368. These results are not disputed by the
Commissioner, rather, they are disputed as being representative of Plaintiff's overall disability on
a normal day. The more consistent an opinion is with the record as a whole, the more weight will
be given to that opinion. 20 C.F.R. § 404.1527(c)(4). Additionally, the court may consider other
factors which tend to support or contradict an opinion. 20 C.F.R. § 404.1527(c)(6). Here,
Plaintiff was still suffering the after-effects of her hospitalization for acute cellulitis. The ALJ
rationally interpreted the record as being inconsistent with Plaintiff's normal presentation.

    The Commissioner declined to endorse the ALJ's other reasons for giving Dr. Marshall's
opinion little weight. For the other reasons stated above, the ALJ provided legally sufficient
reasons for giving Dr. Marshall's opinion little weight.

## IV.   **Performing Past Work**

    Plaintiff's arguments are premised on the ALJ finding her symptom allegations credible
and that her depression is a severe impairment. For the foregoing reasons, the ALJ did not err in
evaluating those issues; therefore, Plaintiff's step four arguments are inapplicable.

### *Conclusion*

    Based on the foregoing, the Commissioner's decision denying Plaintiff's application for
disability insurance benefits is affirmed and this case dismissed.

**IT IS SO ORDERED.**

DATED this **27** day of July, 2016.

Owen Panner
United States District Judge